---- United States Bankruptcy Court ----------- VOLUNTARY PETITION ---
   NORTHERN DISTRICT OF ILLINOIS
   EASTERN DIVISION

| IN RE ------------------------------ | NAME OF JOINT DEBTOR -------------- |
|---|---|
| WILLIE J. GARRETT, SR. | HENRIETTA GARRETT |
| ALL OTHER NAMES ------------------ | ALL OTHER NAMES -------------------- |
| SOC. SEC./TAX I.D. NO. ----------- | SOC. SEC./TAX I.D. NO. ----------- |
| - -0564 | - -6087 |
| STREET ADDRESS OF DEBTOR --------- | STREET ADDRESS OF JOINT DEBTOR ---- |
| 1708 Marion Graves Court | 1708 Marion Graves Court |
| North Chicago  IL  60064 | North Chicago  IL  60064 |
| COUNTY OF RESIDENCE ------------- | COUNTY OF RESIDENCE -------------- |
| Lake | Lake |
| MAILING ADDRESS OF DEBTOR -------- | MAILING ADDRESS OF JOINT DEBTOR --- |
| 1708 Marion Graves Court | 1708 Marion Graves Court |
| North Chicago  IL  60064 | North Chicago  IL  60064 |

VENUE -----------------------------------------------------------------
Debtors have had a residence in this District for 180 days immediately
preceding the date of this petition.
------------------- INFORMATION REGARDING DEBTOR ----------------------

TYPE OF DEBTOR
Joint (Husband and Wife)
NATURE OF DEBT
Non-Business/Consumer
A. TYPE OF BUSINESS
N/A
B. BRIEFLY DESCRIBE NATURE OF BUSINESS
N/A
STATISTICAL/ADMINISTRATIVE INFORMATION---
Debtors estimate that there will be
funds available for distribution to
unsecured creditors.

CHAPTER OF BANKRUPTCY CODE
UNDER WHICH THE PETITION
IS FILED
13
FILING FEE
Attached
----------------------------

ATTORNEY NAME AND ADDRESS--
Richard Mann
1752642
Five South County St.
Waukegan, IL  60085

(847) 244-2211
----------------------------
ATTORNEYS DESIGNATED TO
REPRESENT DEBTORS

|  | range | (sard code) |
|---|---|---|
| NO. OF CREDITORS | 1-15 | (1) |
| ASSETS (thousands) | 100-499 | (3) |
| LIABIL. (thousands) | 100-499 | (3) |
| NO. OF EMPLOYEES | N/A | |
| EQUITY SEC. HOLDERS | N/A | |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 07/06/2004
Time: 11:45:15
Debtor: Willie J Garrett
Case: 04-25066
Chapter: 13 Rec. # : 3089201
Judge: A Goldgar
341 mtg: 08/02/2004 @ 01:00pm
ConfHrg: 08/25/2004 @ 12:30pm
Trustee: Glenn Stearns

1:04BK25066-BK001

Names of Debtors: WILLIE J. GARRETT, SR.
HENRIETTA GARRETT

Case No.:

---

Debtors intend to file a plan within the time allowed by statute, rule, or order of the court.

-------- PRIOR BANKRUPTCY CASES FILED WITHIN LAST 6 YEARS ------------

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| Northern District, Eastern Division | 00-24068 | 8/17/00 |

-- PENDING BANKRUPTCY CASE FILED BY SPOUSE, PARTNER, OR AFFILIATE ----
NONE

----------------------- REQUEST FOR RELIEF -------------------------
Debtors request relief in accordance with the chapter of title 11 United States Code specified in this petition.

----------------------- SIGNATURES ---------------------------------
ATTORNEY

_Richard Mann_
Richard Mann
1752642

Date: 7/1/04

---

JOINT DEBTORS
I declare under penalty of perjury that the information provided in this petition is true and correct.

_Willie J. Garrett, SR._
WILLIE J. GARRETT, SR.          Date: 7/01/2004

_Henrietta Garrett_
HENRIETTA GARRETT               Date: 7/01/2004

---

In re: WILLIE J. GARRETT, SR.              Case No:
        HENRIETTA GARRETT

### UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
======================= SUMMARY OF SCHEDULES =========================
---------------------------------------------------------------------
|    Schedule name      | No. Sheets   | Assets | Liabilities | Other
---------------------------------------------------------------------
| X (mark if attached)
=====================================================================
___   A - Real Property         1      135,000.00 ------------------
___   B - Personal Property     3        7,460.00 ------------------
___   C - Property Claimed             -----------------------------
          as Exempt             2      -----------------------------
___   D - Creditors Holding            -----------------------------
          Secured Claims        1      -------------  125,000.00 -------
___   E - Creditors Holding            -----------------------------
          Unsecured Priority           -----------------------------
          Claims                2      -------------    8,870.00 -------
___   F - Creditors Holding            -----------------------------
          Unsecured Non-                -----------------------------
          priority Claims       1      -------------        0.00 -------
___   G - Executory Contracts          -----------------------------
          and Unexpired                 -----------------------------
          Leases                1      -----------------------------
___   H - Codebtors             1      -----------------------------
___   I - Current Income of            -----------------------------
          Individual Debtors    2      --------------------  3,442.83
___   J - Current Expenditures         -----------------------------
          of Individual                 -----------------------------
          Debtors               2      --------------------  2,964.00
---------------------------------------------------------------------
          Summary Sheet  |   1  |*************************************
       Total No. Sheets  |  17  |*************************************
           Total Assets ->|       142,460.00|**********************
        Total Liabilities ->|              133,870.00|*******
         Total No. of Creditors ->|                  4|*******
            Excess Income (if any) ->|               478.83
=====================================================================
```

In re: WILLIE J. GARRETT, SR.                    Case No:
       HENRIETTA GARRETT

### SCHEDULE A - REAL PROPERTY

| Description and location of property | Current market value of debtors' interest in the property without deducting any secured claim or exemption |
|---|---|
| Nature of debtors' interest in property | Amount of secured claim |

Single family residence

|  |  |  |
|---|---|---|
|  | Debtors' interest: | 135,000.00 |
| Owner: Joint | Total debt on property: | 125,000.00 |
| Location: 1708 Marion Graves Court, North Chicago, IL | | |
| Nature of interest: Joint tenancy | | |
| Secured creditor(s): Aurora Loan Services, Consumer Cooperative Credit Union | | |
| Possession: In debtor's possession. | | |

                                               Total:        135,000.00

In re: WILLIE J. GARRETT, SR.                    Case No:
       HENRIETTA GARRETT

## SCHEDULE B - PERSONAL PROPERTY

| Type of property<br>────────────────────────────────────<br>Description and location of property | Current market value of debtors' interest in property without deducting any secured claim or exemption |
|---|---|

1.  Cash on hand.
Cash on hand
        Owner: Joint              Debtors' interest:          10.00
                                  Total debt on property:      0.00
            Location: In debtor's possession.

2.  Checking, savings, or other financial accounts, certificates of
    deposit, or shares in banks, savings and loan, thrift, building
    and loan, and homestead associations, or credit unions, brokerage
    houses, or cooperatives.
Checking account
        Owner: Joint              Debtors' interest:          50.00
                                  Total debt on property:      0.00
            Possession: In debtor's possession.

3.  Security deposits with public utilities, telephone companies,
    landlords, and others.
        NONE
4.  Household goods and furnishings, including audio, video, and
    computer equipment.
Household goods
        Owner: Joint              Debtors' interest:         200.00
                                  Total debt on property:      0.00
            Location: In debtor's possession.

5.  Books, pictures, and other art objects, antiques, stamp, coin,
    record, tape, compact disc, and other collections or collectibles.
        NONE
6.  Wearing apparel.
Wearing apparel
        Owner: Joint              Debtors' interest:         200.00
                                  Total debt on property:      0.00
            Location: In debtor's possession.

7.  Furs and jewelry.
        NONE
8.  Firearms and sports, photographic, and other hobby equipment.
        NONE
9.  Interests in insurance policies.
Life insurance

In re: WILLIE J. GARRETT, SR.                    Case No:
       HENRIETTA GARRETT

               Owner: Husband              Debtors' interest:           0.00
                                     Total debt on property:            0.00
          Possession: In debtor's possession.


10. Annuities.
    NONE
11. Interests in IRA, ERISA, Keogh, or other pension or profit
    sharing plans.
    NONE
12. Stock and interests in incorporated and unincorporated businesses.
    NONE
13. Interests in partnerships or joint ventures.
    NONE
14. Government and corporate bonds and other negotiable and non-
    negotiable instruments.
    NONE
15. Accounts receivable.
    NONE
16. Alimony, maintenance, support, and property settlements to which
    the debtor is or may be entitled.
    NONE
17. Other liquidated debts owing debtor including tax refunds.
    NONE
18. Equitable or future interests, life estates, and rights or
    powers exercisable for the benefit of the debtor other than
    those listed in Schedule of Real Property.
    NONE
19. Contingent and noncontingent interests in estate of a
    decedent, death benefit plan, life insurance policy, or trust.
    NONE
20. Other contingent and unliquidated claims of every nature,
    including tax refunds, counterclaims of the debtor, and
    rights to setoff claims.
    NONE
21. Patents, copyrights, and other intellectual property.
    NONE
22. Licenses, franchises, and other general intangibles.
    NONE
23. Automobiles, trucks, trailers, and other vehicles or accessories.
1993 Toyota Camry
               Owner: Joint              Debtors' interest:         2,000.00
                                   Total debt on property:             0.00
          Location: In debtor's possession.

1999 Oldsmobile Aurora
               Owner: Joint              Debtors' interest:         5,000.00
                                   Total debt on property:             0.00
          Location: In debtor's possession.

In re: WILLIE J. GARRETT, SR.               Case No:
        HENRIETTA GARRETT

24. Boats, motors, and accessories.
    NONE
25. Aircraft and accessories.
    NONE
26. Office equipment, furnishings, and supplies.
    NONE
27. Machinery, fixtures, equipment, and supplies used in business.
    NONE
28. Inventory.
    NONE
29. Animals.
    NONE
30. Crops - growing or harvested.
    NONE
31. Farming equipment and implements.
    NONE
32. Farm supplies, chemicals, and feed.
    NONE
33. Other personal property of any kind not already listed.
    NONE

                              Total:        7,460.00

                                           Page 3

In re: WILLIE J. GARRETT, SR.                    Case No:
     HENRIETTA GARRETT

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtors elect the exemptions to which debtors are entitled under:

   11 U.S.C. sec. 522(b)(2)

     Exemptions available under applicable non-bankruptcy federal laws,
state or local law where the debtors' domicile has been located
for the 180 days immediately preceding the filing of the petition
or for a longer portion of the 180 day period than in any other
place, and the debtors' interest as a tenant by the entirety or
joint tenant to the extent the interest is exempt from process
under applicable non-bankruptcy law.

  Debtors are married.

| Description of property | Value of claimed exemption |
|---|---|
| Specify law providing each exemption | Current market value of property without deducting exemption |

**1993 Toyota Camry**
   Debtors' interest:     2,000.00   Value exempt:    2,000.00
        Law: 735 ILCS 5/12-1001

**1999 Oldsmobile Aurora**
   Debtors' interest:     5,000.00   Value exempt:    1,200.00
        Law: 735 ILCS 5/12-1001

**Cash on hand**
   Debtors' interest:       10.00   Value exempt:      10.00
        Law: 735 ILCS 5/12-1001

**Checking account**
   Debtors' interest:       50.00   Value exempt:      50.00
        Law: 735 ILCS 5/12-1001

**Household goods**
   Debtors' interest:      200.00   Value exempt:     200.00
        Law: 735 ILCS 5/12-1001

**Life insurance**
   Debtors' interest:        0.00   Value exempt:       0.00
        Law: 735 ILCS 5/12-1001

**Single family residence**
        Address:  1708 Marion Graves Court, North Chicago, IL
   Debtors' interest:    135,000.00   Value exempt:   15,000.00

In re: WILLIE J. GARRETT, SR.                    Case No:
         HENRIETTA GARRETT

                      Law: 735 ILCS 5/12-1001
               Total debt
            on property:      125,000.00

    Wearing apparel
         Debtors' interest:          200.00    Value exempt:          200.00
                      Law: 735 ILCS 5/12-1001

In re: WILLIE J. GARRETT, SR.          Case No:
     HENRIETTA GARRETT

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

```
====================================================================
  Creditor's name and complete mailing address     | Amount of claim
    including zip code                              | without deducting
----------------------------------------------------| value of collateral
  Date claim was incurred, nature of lien, and      | -------------------
  description and market value of property subject  | Unsecured portion,
  to the lien                                        | if any
====================================================================
```

Account no.: 8987430          Amount of claim:    83,000.00
Aurora Loan Services              Unsecured:        0.00
c/o Codilis & Associates   Liable: Joint
15W030 North Frontage Rd
Suite 100
Burr Ridge, IL 60527
            Incurred: 1992
       Nature of lien: First mortgage
           Claim is: Fixed and liquidated.
  Collateral description: single family residence
Collateral market value:      135,000.00

Account no.: 8987430          Amount of claim:    13,000.00
Aurora Loan Services              Unsecured:        0.00
c/o Codilis & Associates   Liable: Joint
15W030 North Frontage Rd
suite 100
Burr Ridge, IL 60527
       Nature of lien: Arrears on first mortgage
           Claim is: Fixed and liquidated.
  Collateral description: single family residence
Collateral market value:      135,000.00

Account no.:                  Amount of claim:    29,000.00
Consumer Cooperative             Unsecured:        0.00
Credit Union
2750 Washington Street   Liable: Joint
Waukegan, IL 60085
            Incurred: 1998
       Nature of lien: Second Mortgage
           Claim is: Fixed and liquidated.
  Collateral description: Single family residence
Collateral market value:      135,000.00

                       Subtotal this page:    125,000.00
                               Total:    125,000.00

In re: WILLIE J. GARRETT, SR.                    Case No:
       HENRIETTA GARRETT

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

TYPES OF PRIORITY CLAIMS:

Wages, Salaries, and Commissions

Wages, salaries, and commissions, including vacation,
severance, and sick leave pay owing to employees, up to a
maximum of $2000 per employee, earned within 90 days
immediately preceding the filing of the original petition, or
the cessation of business, whichever occurred first, to the
extent provided in 11 U.S.C. sec. 507(a)(3).

Contributions to Employee Benefit Plans

Money owed to employee benefit plans for services rendered
within 180 days immediately preceding the filing of the original
petition, or the cessation of business, whichever occurred first
to the extent provided in 11 U.S.C. sec. 507(a)(4).

Certain Farmers or Fishermen

Claims of certain farmers or fishermen, up to a maximum of $2000
per farmer or fisherman, against the debtor, as provided in 11
U.S.C. sec. 507(a)(5).

Deposits by Individuals

Claims of individuals up to a maximum of $900 for deposits for
the purchase, lease, or rental of property or services for
personal, family, or household use, that were not delivered or
provided.   11 U.S.C. sec. 507(a)(6).

X      Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state,
and local governmental units as set forth in 11 U.S.C.
sec. 507(a)(7).

In re: WILLIE J. GARRETT, SR.                    Case No:
        HENRIETTA GARRETT

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

```
===============================================================
  Creditor's name and complete mailing address   | Amount entitled
  including zip code                              | to priority
- - - - - - - - - - - - - - - - - - - - - - - - - | - - - - - - - - -
  Date claim was incurred and consideration for claim | Total amount
                                                  | of claim
===============================================================
```

1.  Wages, Salaries, and Commissions.

    NONE

2.  Contributions to Employee Benefit Plans.

    NONE

3.  Certain Farmers or Fishermen.

    NONE

4.  Deposits by Individuals.

    NONE

5.  Taxes and Certain Other Debts Owed to Governmental Units.

Account no.:                        Priority amount:      8,870.00
IRS                                 Amount of claim:      8,870.00
Mail Stop 5010 CHI        Liable: Joint
230 S. Dearborn Street
Chicago, IL 60604
              Incurred: 1997-99
Consideration for claim: Income taxes
              Claim is: Fixed and liquidated.

                        Subtotal this page:      8,870.00
                                     Total:      8,870.00

Page 2

In re: WILLIE J. GARRETT, SR.                    Case No:
        HENRIETTA GARRETT

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

```
=====================================================================
| Creditor's name and complete mailing address      | Amount of claim|
|  including zip code                                |                |
| -------------------------------------------------- |                |
| Date claim was incurred and consideration for claim.              |
|  If claim is subject to setoff, so state.                         |
=====================================================================
```

NONE

Subtotal this page:        0.00
                 Total:    0.00

In re: WILLIE J. GARRETT, SR.                    Case No:
        HENRIETTA GARRETT

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and mailing address, including zip code, of other parties to lease or contract. | Description of contract or lease and nature of debtors' interest. State whether lease is for non-residential real property.  State contract number of any government contract. |
|---|---|

NONE

In re: WILLIE J. GARRETT, SR.                    Case No:
       HENRIETTA GARRETT

### SCHEDULE H - CODEBTORS

```
======================================================================
| Name and address of codebtor     | Name and address of creditor     |
======================================================================
```

NONE

In re: WILLIE J. GARRETT, SR.            Case No:
        HENRIETTA GARRETT

### SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTORS

==============================================================================

DEBTORS' MARITAL STATUS: Married and living together

DEPENDENTS OF DEBTORS
NONE

------------------------------------------------------------------------------

EMPLOYMENT:
HUSBAND

```
              Occupation: Batch maker
           Employer name: Herbert Stanley Co.
       How long employed: 1 year
     Address of employer: 1100 Lakeside Road
                          Gurnee IL 60031
```

WIFE

```
              Occupation: Food server
           Employer name: Great Lakes Resources Inc
       How long employed: 3 months
     Address of employer: 702 E. Washington Avenue
                          PO Box 552
                          Madison  WI  53701
```

==============================================================================

| INCOME: | HUSBAND | WIFE |
|---|---|---|
| Current monthly gross wages, salary, and commissions............... | 2,253.33 | 1,815.67 |
| Estimated monthly overtime........... | 0.00 | 0.00 |
| SUBTOTAL............................. | 2,253.33 | 1,815.67 |
| LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security.......... | 346.67 | 279.50 |
| b.  Insurance................... | 0.00 | 0.00 |
| c.  Union dues................ | 0.00 | 0.00 |
| d.  Other: HUSBAND NONE WIFE NONE | | |
| SUBTOTAL OF DEDUCTIONS.... | 346.67 | 279.50 |
| TOTAL NET MONTHLY TAKE HOME PAY....... | 1,906.66 | 1,536.17 |

Regular income from operation of

In re: WILLIE J. GARRETT, SR.            Case No:
      HENRIETTA GARRETT

business or profession or farm........            0.00            0.00

Income from real property............            0.00            0.00

Interest and dividends...............            0.00            0.00

Alimony, maintenance, or support
payments payable to the debtor
for the debtor's use or that of
dependents listed above..............            0.00            0.00

Social security or other government
assistance:
      HUSBAND
        NONE

      WIFE
        NONE

Pension or retirement income            0.00            0.00

Other monthly income:
      HUSBAND
        NONE

      WIFE
        NONE

TOTAL MONTHLY INCOME.................            1,906.66            1,536.17

TOTAL COMBINED MONTHLY INCOME........            3,442.83

Describe any increase or decrease of more than 10% in any of the above
categories anticipated to occur within the year following the filing
of this document:
  NONE

In re: WILLIE J. GARRETT, SR.                 Case No:
       HENRIETTA GARRETT

### SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

**The following expenditures are for BOTH DEBTORS**

Rent/home mortgage payments...........................         1,080.00

     REAL ESTATE TAXES ARE INCLUDED.
     PROPERTY INSURANCE IS INCLUDED.

Utilities: Electricity and heating fuel...............           130.00
         Water and sewer............................            30.00
         Telephone..................................           100.00
         Other:
            Cable...................................            60.00

Home maintenance......................................            75.00
Food..................................................           325.00
Clothing..............................................           130.00
Laundry and dry cleaning..............................            39.00
Medical and dental expenses...........................            90.00
Transportation........................................           160.00
Recreation, clubs, and entertainment,
newspapers, magazines, etc............................            25.00
Charitable contributions..............................             0.00

Insurance:
         Homeowner's or renter's.......................             0.00
         Life..........................................             0.00
         Health........................................             0.00
         Auto..........................................           119.00
         Other:
          NONE

Taxes:
  NONE

Installment payments:
         Auto..........................................             0.00
         Other:
         Second mortgage                                         526.00

Alimony, maintenance, and support paid to others.......             0.00

Payments for support of additional dependents
not living at your home...............................             0.00

Regular expenses from operation of business,
profession, or farm...................................             0.00

In re: WILLIE J. GARRETT, SR.          Case No:
        HENRIETTA GARRETT

Other:
  Personal grooming                                          75.00

TOTAL MONTHLY EXPENSES...............................      2,964.00

A.   Total projected monthly income....................    3,442.83
B.   Total projected monthly expenses...................    2,964.00
C.   Excess income (A minus B).........................      478.83
D.   Total amount to be paid into Plan.................      478.00
     Payment period is: Monthly

(The penalties for making a false statement or concealing property is a
fine of up to $500,000 or imprisonment for up to 5 years or both.
- 18 U.S.C. secs. 152 and 3571.)

## DECLARATION

I, WILLIE J. GARRETT, SR., and I, HENRIETTA GARRETT, named as the
debtors in this case, declare under penalty of perjury that I have read
the foregoing Summary and Schedules, consisting of 17 sheets, and
that it is true and correct to the best of my information and belief.

Signature: *Willie J. Garrett Sr.*                    Date: 7/01/2004
           WILLIE J. GARRETT, SR.

Signature: *Henrietta Garrett*                        Date: 7/01/2004
           HENRIETTA GARRETT

**Page 2**

Richard Mann                    1752642
Richard Mann
Five South County St.
Waukegan, IL  60085
(847) 244-2211
Attorney for the Petitioners

### UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re                              Case No.:
WILLIE J. GARRETT, SR.
Social Security No.: -  -0564      Statement of Financial Affairs

HENRIETTA GARRETT                  Chapter 13
Social Security No.: -  -6087
Debtors

1.  Income from employment or operation of business.

    State the gross amount of income the debtors have received from
    employment, trade, or profession, or from operation of debtors'
    business from the beginning of this calendar year to the date this
    case was commenced.  State also the gross amounts received during
    the two years immediately preceding this calendar year.

    HUSBAND

        This year: 19 4            Amount:       12,000.00
            Source: Work
        Last year: 19 3            Amount:       28,000.00
            Source: Work
    Previous year: 19 2            Amount:       28,000.00
            Source: Work

    WIFE

        This year: 19 4            Amount:       10,000.00
            Source: Work
        Last year: 19 3            Amount:            0.00
            Source:
    Previous year: 19 2            Amount:       15,000.00
            Source: Work

2.  Income other than from employment or operation of business.

    State the amount of income received by the debtors other than from
    employment, trade, profession, or operation of the debtors' business
    during the two years immediately preceding the commencement of this
    case.

HUSBAND

|  | | Amount: | 0.00 |
|---|---|---|---|
| This year: 19 4 | | Amount: | 0.00 |
| Source: | | | |
| Last year: 19 3 | | Amount: | 0.00 |
| Source: | | | |
| Previous year: 19 2 | | Amount: | 0.00 |
| Source: | | | |

WIFE

|  | | Amount: | 0.00 |
|---|---|---|---|
| This year: 19 4 | | Amount: | 0.00 |
| Source: | | | |
| Last year: 19 3 | | Amount: | 0.00 |
| Source: | | | |
| Previous year: 19 2 | | Amount: | 0.00 |
| Source: | | | |

3. Payments to creditors.

   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

   NONE

   b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

   NONE

4. Suits, executions, garnishments, and attachments.

   a. List all suits to which the debtors are or were a party within one year immediately preceding the filing of this bankruptcy case.

   NONE

   b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

   NONE

5. Repossessions, foreclosures, and returns.

   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of

foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

NONE

6. Assignments and receiverships.

   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

      NONE

   b. List all property which has been in the hands of a receiver or court-appointed official within one year immediately preceding the commencement of this case.

      NONE

7. Gifts.

   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

   NONE

8. Losses.

   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

   NONE

9. Payments related to debt counseling or bankruptcy.

   List all payments made or property transferred by or on behalf of the debtors to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

   Richard Mann
   Five South County St.
   Waukegan, IL  60085
   (847) 244-2211

         Filing fee: 194.00
      Attorney's fees:        2,200.00

Source was: Debtor's earnings
Date(s) of payment: 6/24/04

10. Other transfers.

List all other property, other than property transferred in the
ordinary course of the business or financial affairs of the debtors
transferred either absolutely or as security within one year
immediately preceding the commencement of this case.

NONE

11. Closed financial accounts.

List all financial accounts and instruments held in the name of the
debtors or for the benefit of the debtors which were closed, sold,
or otherwise transferred within one year immediately preceding the
commencement of this case.

NONE

12. Safe deposit boxes.

List each safe deposit box or other box or depository in which the
debtors have or had securities, cash, or other valuables within one
year immediately preceding the commencement of this case.

NONE

13. Setoffs.

List all setoffs made by any creditor, including a bank, against a
debt or deposit of the debtors within 90 days preceding the
commencement of this case.

NONE

14. Property held for another person.

List all property owned by another person that the debtors hold or
control.

NONE

15. Prior address of debtors.

If the debtors have moved within the two years immediately preceding
the commencement of this case, list all premises which the debtors
occupied during that period and vacated prior to the commencement
of this case.

Husband's length of time at current residence:

6 years
Wife's length of time at current residence:
6 years
Husband's prior residences

Wife's prior residences

16. Nature, location, and name of business.

    a.  For individuals, list the names and addresses of all businesses
in which either debtor was an officer, director, partner, or
managing executive of a corporation, partnership, sole
proprietorship, or was a self-employed professional within the
two years immediately preceding the commencement of this case,
or in which either debtor owned 5 percent or more of the voting
or equity securities within the two years immediately preceding
the commencement of this case.

       NONE

    b.  If the debtor is a partnership, list the names and addresses
of all businesses in which the debtor was a partner or owned
5 percent or more of the voting securities, within the two
years immediately preceding the commencement of this case.

       N/A

    c.  If the debtor is a corporation, list the names and addresses
of all businesses in which the debtor was a partner or owned
5 percent or more of the voting securities, within the two
years immediately preceding the commencement of this case.

       N/A

17. Books, records, and financial statements.

    a.  List all bookkeepers and accountants who within the six years
immediately preceding the filing of this bankruptcy case kept or
supervised the keeping of books of account and records of the
debtors.

       N/A

    b.  List all firms or individuals who within the two years
immediately preceding the filing of this bankruptcy case have
audited the books of account and records, or prepared a
financial statement of the debtors.

       N/A

    c.  List all firms or individuals who at the time of the

commencement of this case were in possession of the books of
account and records of the debtors.

N/A

d. List all financial institutions, creditors, and other parties,
including mercantile and trade agencies, to whom a financial
statement was issued within the two years immediately preceding
the commencement of this case by the debtors.

N/A

18. Inventories.

a. List the dates of the last two inventories taken of your
property, the name of the person who supervised the taking of
each inventory, and the dollar amount and basis of each
inventory.

N/A

b. List the name and address of the person having possession
of the records of each of the two inventories reported in
a., above.

N/A

19. Current Partners, Officers, Directors, and Shareholders.

a. If the debtor is a partnership, list the nature and percentage
of partnership interest of each member of the partnership.

N/A

b. If the debtor is a corporation, list all officers and directors
of the corporation, and each stockholder who directly or
indirectly owns, controls, or holds 5 percent or more of the
voting securities of the corporation.

N/A

20. Former partners, officers, directors, and shareholders.

a. If the debtor is a partnership, list each member who withdrew
from the partnership within one year immediately preceding
the commencement of this case.

N/A

b. If the debtor is a corporation, list all officers or directors
whose relationship with the corporation terminated within one
year immediately preceding the commencement of this case.

N/A

21. **Withdrawals from a partnership or distributions by a corporation.**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

N/A

(The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. - 18 U.S.C. secs. 152 and 3571.)

DECLARATION

I, WILLIE J. GARRETT, SR., and I, HENRIETTA GARRETT, named as the debtors in this case, declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs, consisting of 7 sheets, and that it is true and correct to the best of my information and belief.

Signature: *Willie J. Garrett Sr.*          Date: 7/01/2004
WILLIE J. GARRETT, SR.

Signature: *Henrietta Garrett*          Date: 7/01/2004
HENRIETTA GARRETT

Richard Mann                    1752642
Richard Mann
Five South County St.
Waukegan, IL  60085
(847) 244-2211
Attorney for the Petitioners

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re                          Case No.:
WILLIE J. GARRETT, SR.
Social Security No.: -  -0564   Individual Debtor's Statement of
                                Intention
HENRIETTA GARRETT
Social Security No.: -  -6087   Chapter 13
Debtors


FOR - HUSBAND

1.  I, the debtor, have filed a schedule of assets and liabilities which
    includes consumer debts secured by property of the estate.

2.  My intention with respect to the property of the estate which
    secures those consumer debts is as follows:

    a.  Property to be surrendered.
    ---------------------------------------------------------------
    | Description of property        | Creditor's name and address |
    ---------------------------------------------------------------

NONE

    b.  Property to be retained.
    ---------------------------------------------------------------
    | Description of property        | Creditor's name and address |
    ---------------------------------------------------------------
    | Method of retention:

      The debt will be reaffirmed pursuant to sec. 524(c) (Reaffirm)

      The property is claimed exempt and will be redeemed pursuant to
      sec. 722. (Redeem)

      Lien will be avoided pursuant to sec. 522(f) and property claimed
      as exempt.
      Judicial lien (Judicial lien avoidance)
      Nonpossessory, nonpurchase-money security interest (N.P.M.S.I. lien) |
    ---------------------------------------------------------------

single family residence

Method of retention:
Reaffirm

Aurora Loan Services
c/o Codilis & Associates
15W030 North Frontage Rd
Suite 100
Burr Ridge, IL 60527

single family residence

Method of retention:
Reaffirm

Aurora Loan Services
c/o Codilis & Associates
15W030 North Frontage Rd
suite 100
Burr Ridge, IL 60527

Single family residence

Method of retention:
Reaffirm

Consumer Cooperative
Credit Union
2750 Washington Street
Waukegan, IL 60085

3.  I understand that section 521(2)(B) of the Bankruptcy Code requires
    that I perform the above stated intentions within 45 days of the
    filing of this statement with the court, or within such additional
    time as the court, for cause, within such 45-day period fixes.

FOR - WIFE

1.  I, the debtor, have filed a schedule of assets and liabilities which
    includes consumer debts secured by property of the estate.

2.  My intention with respect to the property of the estate which
    secures those consumer debts is as follows:

    a.  Property to be surrendered.

    ------------------------------------------------------------------------
    | Description of property              | Creditor's name and address   |
    ------------------------------------------------------------------------

NONE

    b.  Property to be retained.

    ------------------------------------------------------------------------
    | Description of property              | Creditor's name and address   |
    ------------------------------------------------------------------------
    | Method of retention:                                                 |
    |                                                                      |
    | The debt will be reaffirmed pursuant to sec. 524(c) (Reaffirm)       |
    |                                                                      |
    | The property is claimed exempt and will be redeemed pursuant to      |
    | sec. 722. (Redeem)                                                   |
    |                                                                      |
    | Lien will be avoided pursuant to sec. 522(f) and property claimed    |
    | as exempt.                                                           |
    | Judicial lien (Judicial lien avoidance)                              |
    | Nonpossessory, nonpurchase-money security interest (N.P.M.S.I. lien) |
    ------------------------------------------------------------------------

single family residence                    Aurora Loan Services
                                           c/o Codilis & Associates
Method of retention:                       15W030 North Frontage Rd
Reaffirm                                   Suite 100
                                           Burr Ridge, IL 60527

single family residence                    Aurora Loan Services
                                           c/o Codilis & Associates
Method of retention:                       15W030 North Frontage Rd
Reaffirm                                   suite 100
                                           Burr Ridge, IL 60527

Single family residence                    Consumer Cooperative
                                           Credit Union
Method of retention:                       2750 Washington Street
Reaffirm                                   Waukegan, IL 60085

Page 3

3.   I understand that section 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intentions within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

(The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. - 18 U.S.C. secs. 152 and 3571.)

### DECLARATION

I, WILLIE J. GARRETT, SR., and I, HENRIETTA GARRETT, named as the debtors in this case, declare under penalty of perjury that I have read the foregoing Individual Debtor's Statement of Intention, consisting of 4 sheets, and that it is true and correct to the best of my information and belief.

Signature: _Willie J. Garrett Sr._          Date: _7/01/2004_
WILLIE J. GARRETT, SR.

Signature: _Henrietta Garrett_          Date: _7/01/2004_
HENRIETTA GARRETT

Richard Mann                         1752642
Richard Mann
Five South County St.
Waukegan, IL  60085
(847) 244-2211
Attorney for the Petitioners

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re                                    Case No.:
WILLIE J. GARRETT, SR.
Social Security No.: -  -0564            Notice of Available Chapters

HENRIETTA GARRETT                        Chapter 13
Social Security No.: -  -6087
Debtors

If you intend to file a petition for relief under the bankruptcy laws
of the United States, and your debts are primarily consumer debts, the
Clerk of Court is required to notify you of each chapter of the
Bankruptcy Code under which you may seek relief.  You may proceed under:

    Chapter  7 -- Liquidation, or

    Chapter 11 -- Reorganization, or

    Chapter 12 -- Adjustment of Debts of a Family Farmer With Regular
                Annual Income

    Chapter 13 -- Adjustment of Debts of an Individual With Regular
                Income

If you have any questions regarding the information contained in this
notice you should consult with your attorney.

                           Clerk of Court

Richard Mann                     1752642
Richard Mann
Five South County St.
Waukegan, IL  60085
(847) 244-2211
Attorney for the Petitioners

### UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re | Case No.: |
| WILLIE J. GARRETT, SR. | |
| Debtor | Rule 2016(b) - Statement of |
| Social Security No.: -  -0564 | Attorney Compensation |
| | |
| HENRIETTA GARRETT | Chapter 13 |
| Debtor | |
| Social Security No.: -  -6087 | |

Pursuant to 11 U.S.C. sec. 329 and Rule of Bankruptcy Procedure 2016(b), the undersigned, attorney for the debtors in this case, makes this statement setting forth the compensation paid or agreed to be paid to the undersigned for services rendered or to be rendered in contemplation of and in connection with the case by the undersigned, and the source of such compensation.

1.  Prior to the filing of this disclosure statement, the debtors in this case have paid to the undersigned the sum of $2,200.00 plus $194.00 for the filing fee in this case.

    The source of the PAID sum was: Debtor's earnings

2.  In addition, the debtors have agreed to pay the following:

    NOT APPLICABLE

3.  The undersigned has not shared or agreed to share any portion of such compensation with any other person who is not a member or regular associate of the undersigned's law firm.

4.  The undersigned has not received any other payment in this case, and has no other agreement, except as set out herein.

Signature: _____          Date: _____
           Richard Mann
           1752642

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE:

Bankruptcy Case Number:_____

WILLIE J. GARRETT, SR.
HENRIETTA GARRETT

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:_____4_____

The above-named Debtor(s) hereby verify that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:___7/01/04_____

_Willie J. Garrett SR._
Debtor

_Henrietta Garrett_
Joint Debtor

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

THE PURPOSE OF THIS NOTICE IS TO ACQUAINT YOU WITH THE FOUR CHAPTERS OF THE FEDERAL BANKRUPTCY CODE UNDER WHICH YOU MAY FILE A BANKRUPTCY PETITION. THE BANKRUPTCY LAW IS COMPLICATED AND NOT EASILY DESCRIBED. THEREFORE, YOU SHOULD SEEK THE ADVICE OF AN ATTORNEY TO LEARN OF YOUR RIGHTS AND RESPONSIBILITIES UNDER THE LAW SHOULD YOU DECIDE TO FILE A PETITION WITH THE COURT. COURT EMPLOYEES ARE PROHIBITED FROM GIVING YOU LEGAL ADVICE.

## Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)

1.      Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.      Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3      The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.      Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.      Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1.      Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are eligible for chapter 13 only if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.      Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.      Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.      After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

I, the debtor, affirm that I have read this notice.

7/01/04 _____     _Willie J Garretts_____     _____
Date                          Signature of Debtor                  Case Number

DISTRIBUTION:          DEBTOR/COURT                              B201(Rev.12/00)